IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NIYAH L. EDWARDS,<br><br>    Defendant.<br>_____/ | No. C 10-00687-2 CRB<br><br>**ORDER RE SENTENCING ENHANCEMENT** |

On April 20, 2011, the Court held an evidentiary hearing on whether Defendant should receive an increase in her offense level due to being a manager or supervisor of the activities involved in the conspiracy. A law enforcement witness and an unindicted co-conspirator witness each testified. Defendant subsequently filed a Post-Hearing Brief re Role in the Offense. See dkt. 97. That brief argued that the testimony at the evidentiary hearing "may have established that [Defendant] was involved in many aspects of the conspiracy – obtaining names, social security numbers and bank account information from other persons, filing fraudulent tax returns from her home computer, receiving money from the accounts in which the refunds were deposited – and that she was more culpable than other conspirators," but argued that "it did not prove that she exercised control or authority over other participants." Id. at 3. The Court disagrees.

The government seeks an enhancement based on United States Sentencing Guideline

section 3B1.1(a), which advises that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels."[1] Application Note 4 provides: "[f]actors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of control and authority exercised over others." The Court finds that: (1) Defendant exercised decision making authority in filing the returns, creating email addresses, and choosing to whom payments would be directed; (2) Defendant was the central figure of the conspiracy, which involved many of her family members and friends; (3) Defendant recruited others to participate in the conspiracy, such as the unindicted co-conspirator who testified; (4) Defendant claimed a right to a portion of the false returns; (5) Defendant planned, implemented and organized the conspiracy; (6) the nature of the illegal activity was extensive and involved hundreds of false returns; and (7) Defendant exercised the requisite control and authority over others to warrant imposition of the enhancement.

As to this last factor, Defendant maintains that she did not exercise control others in the conspiracy. But the Ninth Circuit in <u>United States v. Mares-Molina</u>, 913 F.2d 770, 773 (9th Cir. 1990), spoke of "some degree of control or organizational authority over others," and adopted the reasoning of <u>United States v. Fuller</u>, 897 F.2d 1217, 1220 (1st Cir. 1990), that "the defendant must have exercised some control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime." There is no question, here, that Defendant organized others for the purpose of carrying out the conspiracy: she directed others as to what to do (such as provide her with names, social security numbers, and sometimes bank account numbers, withdraw money from the accounts and give a portion to Defendant or to her intended beneficiary), and they did it.

---

[1] Defendant has not disputed the involvement of "five or more" participants, nor, based on the evidence presented to the Court, could she.

2

This is a far cry from Mares-Molina, where the evidence established that cocaine was delivered in tractor/trailer tires to a warehouse leased by a trucking business, and the defendant merely owned the trucking business. See also United States v. Hoac, 990 F.2d 1099, 1111 (9th Cir. 1993) (enhancement did not apply where defendant organized one part of a conspiracy but did not organize "other conspirators"). It is far more analogous to United States v. Lyle, 239 Fed. Appx. 529, 532-33 (11th Cir. 2007), in which the Eleventh Circuit affirmed the application of the enhancement to a defendant who (1) recruited others to allow the use of their bank accounts, (2) instructed them as to the withdrawal of funds, and (3) directed them to give her the money once they withdrew it. See also United States v. Madoch, 108 F.3d 761, 767 (7th Cir. 1997) (affirming application of enhancement to CPA who prepared 61 false tax returns where "he was the one who knew how to prepare the returns; he was the one who in effect directed the activities of the others").

The Court finds that the government has met its burden and that the section 3B1.1(a) enhancement applies.

**IT IS SO ORDERED.**

Dated: May 16, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE